a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARSHALL DEWAYNE WILLIAMS, Petitioner | CIVIL ACTION NO. 1:19-CV-20-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Marshall Dewayne Williams ("Williams") (#14130-077). Williams is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Williams challenges the calculation of his sentence by the BOP.

Because Williams cannot show he is entitled to habeas relief under § 2241, his Petition should be DENIED and DISMISSED WITH PREJUDICE.

## I. Background

Williams was convicted of three counts related to the planting of a pipe bomb that killed Williams's stepfather. United States v. Williams, 775 F.2d 1295, 1296 (5th Cir. 1985). Williams was sentenced to life imprisonment on the first count, and to two terms of ten years on the other counts, with these two terms to run concurrently with one another and consecutively to count one. Id. The United States Court of Appeals for the Fifth Circuit affirmed in part, vacated in part, and remanded. Id. On remand, the district court sentenced Williams to 99 years on the first count. See

Williams v. Warden, 7:17-CV-528, 2019 WL 346428 (W.D. Va. Jan. 28, 2019). The other counts were unchanged. Id. Therefore, Williams was sentenced to a total term of 109 years of imprisonment.

Williams was convicted of two counts of murder in two different Texas state courts and sentenced to two 50-year terms of incarceration, both of which were to run concurrently with his federal sentence. Id.

While serving his sentence, Williams was indicted in the United States District Court for the Western District of Tennessee on one count of mailing threatening communications. (2:08-cr-20161, W.D. Tenn.). Williams was convicted and sentenced to a 96-month term of imprisonment, to run consecutively to the undischarged sentence for the bombing and one of the state murder sentences. See id. The sentence was affirmed on appeal. (Nos. 12-5818/6497, 6th Cir.).

Williams claims that his sentences are not being calculated correctly by the BOP, and he is entitled to release. Williams argues that he is entitled to aggregate his "old law" sentences related to the bombing and have the parole calculation made on a total sentence of 109 years, rather than separately on the 99-year sentence and the 10-year sentences. Williams argues that the BOP has refused to grant him the good time he has earned in accordance with the "old law." Williams argues that the mandatory parole date was miscalculated, and he was entitled to release on parole after serving 30 years. Williams previously raised these same claims in the United States District Court for the Western District of Virginia. See Williams v. Warden, 7:17-CV-528, 2019 WL 346428 (W.D. Va. Jan. 28, 2019).

II. Law and Analysis

    A. Williams's sentence was properly calculated, and he is not entitled release.

Williams is currently serving one 99-year sentence and two 10-year sentences, with the 10-year sentences running concurrently with one another and consecutively to the 99-year sentence. Williams must also serve a 96-month sentence, which runs consecutively to the others. As in his Western District of Virginia case, Williams asserts that, because he was convicted prior to the enactment of the Sentencing Reform Act of 1984, his sentence should be calculated according to the "old law." Williams claims the BOP is calculating his sentence according to the "new law." (Doc. 1).

Under the "old law," Williams's parole determination criteria are set out in 18 U.S.C. § 4206(d) (repealed), which provides the following:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however*, That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206 (repealed) (emphasis in original).

As Williams has previously been informed in the administrative response to his grievance and in the ruling of the Western District of Virginia, "Williams's two-thirds date is calculated by first looking at the 99-year sentence, which, because it is

more than 45 years, makes him eligible for mandatory parole after 30 years." Williams, 2019 WL 346428, at *3. Williams's 10-year sentences run concurrently with each other, and two-thirds of 10 years is six years and eight months. Id. The BOP "adds together the 30 years and the 6 years and 8 months to find that Williams will be eligible for mandatory parole 36 years and 8 months from the date computation began, minus jail credit. This makes Williams's two-thirds date October 11, 2020." Id.

Williams first became eligible for parole after serving 10 years, or on February 11, 1994. Id. (citing 18 U.S.C. § 4205 (a) (repealed)). Williams had a hearing before the United States Parole Commission ("USPC") on November 7, 1994 and was ordered to continue serving his sentence. Id. Williams has had hearings before the USPC every two or three years since then, for a total of nine hearings. Williams has been denied parole each time. Id.

At a parole hearing held on July 10, 2013, the USPC denied Williams's parole and ordered him to continue to the expiration of his sentence. (No. 7:17-CV-528, W.D. Va., Doc. 18-19, p. 2). It was noted that, if Williams's two-thirds date preceded the mandatory release date calculated by the BOP, the USPC would conduct a record review of his case approximately nine months before the two-thirds date. (No. 7:17-CV-528, W.D. Va., Doc. 18-19, p. 2). If parole was not ordered as a result of the record review, the USPC would conduct a hearing. (No. 7:17-CV-528, W.D. Va., Doc. 18-19, p. 2). The purpose of the review and hearing are to determine whether there is a reasonable probability that Williams will commit a crime or whether he has

4

frequently or seriously violated the rules of the institution. (No. 7:17-CV-528, W.D. Va., Doc. 18-19, p. 2).

The parole presumption under § 4206(d) applies unless the USPC finds that the prisoner: (1) has committed serious or frequent violations of institutional rules; or (2) is likely to commit a Federal, State, or local crime if paroled. Id. Therefore, release on parole is not guaranteed.

### B. Williams's good conduct time is accurate.

Williams argues that his good conduct time is not being calculated correctly because he is getting "new law" credits. However, as the Western District of Virginia pointed out, "if Williams's good time were being calculated under the 'new law,' he would be earning only 54 days per year provided by 18 U.S.C. § 3624 rather than the 10 days per month he is earning under the 'old law,' 18 U.S.C. § 4161 (repealed)." Williams, 2019 WL 346428, at *4.

### III. Conclusion

Because Williams cannot show he is entitled to habeas relief under § 2241, IT IS RECOMMENDED that Williams's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such

5

as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of April, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge